THE SHENANDOAH.

(District Court, N. D. California. December 20, 1904.)

No. 13,360.

1. SEAMEN—INJURY IN SERVICE—LIABILITY OF VESSEL.
   Evidence considered, and *held* insufficient to show that the injury of a seaman was due to the negligence of the officers of the vessel, or to defective appliances, or that the master failed in his duty in not putting into a port to obtain medical treatment and care for the seaman after the injury, which, although in fact serious, was of such nature that its extent was not apparent, and could only have been discovered by a medical examination.

In Admiralty. Suit by seaman to recover for injuries and for failure of the master to afford him proper surgical treatment.

F. R. Wall, for libelant.

Andros & Hengstler, for respondent.

DE HAVEN, District Judge. I have fully considered the evidence in this case, and my conclusion therefrom is that the master and officers of the Shenandoah used reasonable care in overhauling her rigging before reaching Cape Horn, and in replacing old and defective ropes with others, which in the judgment of her officers were sufficiently sound and strong to make the vessel's rigging seaworthy. I am also of the opinion that the evidence does not show that the gasket upon which the libelant was engaged in hauling while furling the maintopsail parted, or that his falling from aloft was caused by the unsound condition of such gasket, as alleged in the libel. Nor do I think that after the libelant was injured the master failed in his duty to him in not putting into Port Stanley, or one of the other ports named in the libel, in order that he might receive surgical treatment. It is true the libelant's injury was in fact serious and painful. But this did not necessarily make it the duty of the master to deviate from his course, and make for some port where libelant might obtain the services of a surgeon. The master was only required to exercise a reasonable judgment as to the extent of libelant's injuries, and as to the necessity of placing him under the care of a physician at some near port. In the case of The Iroquois, 113 Fed. 964, the court, in discussing the extent of the master's obligation when a seaman is injured at sea in the discharge of his duties, said:

"Of course, if the vessel were so far at sea as to make it uncertain whether she could reach the nearest port in time to benefit the sufferer, or if the master had no reason to believe that the sickness or injury was serious, he would not be chargeable with negligence for proceeding on his course, giving to the seaman such care as his knowledge and the conveniences on board the vessel would permit. When there is no physician to consult, the master must necessarily determine, as best he may, whether the injury or sickness is such as to endanger life or limb; and he cannot be charged with negligence simply because he erred in judgment as to the necessity for putting into port, when the nature of the disease, or the extent of the injury was obscure, and its serious character would not have been apparent except to a physician or surgeon."

This language is particularly applicable to the present case. That libelant sustained a lesion in the region of his hip joint was not apparent, and could not have been discovered except by a surgeon; and the master is not to be charged with negligence in acting upon the belief that the extent of libelant's injury was only the severe bruising of his thigh, and the nervous shock incident to the fall.

The libel will be dismissed, the claimant to recover costs.